IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLES J. PATERNOSTRO**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-2699-L** |
| | § | |
| **U.S. ARMY CORPS OF ENGINEERS**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Application for Temporary Restraining Order, Permanent Injunction, and Declaratory Judgment ("Application"), filed August 8, 2012. After reviewing Plaintiff's Application, the court determines *sua sponte* that this case should be and is hereby **transferred** to the Sherman Division of the Eastern District of Texas.

Plaintiff Charles J. Paternostro ("Plaintiff") maintains a residence or law office at 1485 Elmridge Road, Denison, Texas, 75020. According to correspondence between Plaintiff and the Army Corps of Engineers ("Defendant" or "U.S. Army Corps"), Defendant maintains a Texoma Area Office at 351 Corps Road in Denison, Texas 75020, and the U.S. Army Corps witnesses with whom Plaintiff has had communications regarding the matter at issue in this case work out of the Texoma Area office. The property at issue in this action, Plaintiff's boat dock, is located in Denison, Texas, on Lake Texoma. Denison, Texas, is located in Grayson County, Texas. Grayson County is located in the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3).

The court *sua sponte* considers whether this action should be transferred to the Sherman Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). *See Jarvis Christian*

**Memorandum Opinion and Order - Page 1**

*College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that district court may *sua sponte* transfer action pursuant to 28 USC § 1404(a)). Because the property, Defendant, and fact witnesses with knowledge of this dispute reside or are all located in Grayson County, and the events giving rise to this action occurred in Grayson County, the more convenient venue is in the Eastern District of Texas, Sherman Division. *See* 28 U.S.C. § 1391(b). The only tie to the Northern District of Texas, Dallas Division, appears to be that Division Engineer Brigadier General Thomas W. Kula, who decided Plaintiff's final appeal, is located here. The court, however, can think of no way in which the parties and witnesses will be more convenienced by trying this action in the Northern District of Texas.

Moreover, the court has considered each of the eight factors set forth in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The majority of these factors clearly warrants a transfer to the Eastern District of Texas, Sherman Division.[*] Additionally, the Application and attached correspondence indicate that Defendant recently brought an action in the United States District Court for the Eastern District of Texas, in Sherman, Texas, involving the same dispute at issue in this case, and Plaintiff was cited by the U.S. Army Corps in that case to appear on June 6, 2012, before United States Magistrate Judge Don D. Bush regarding Plaintiff's alleged violations of sections 327.24(b) and 327.20 of the Rules and Regulations Governing Public Use of Water Resources Development Projects Administered by the Chief of Engineers, for failure to comply with a lawful order to remove an unauthorized structure from government property and the existence of an unauthorized structure

---

[*] These factors include: the relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of witnesses; the cost of attendance for willing witnesses; all other practical problems that make trial of a case easy, expeditious and inexpensive; the administrative difficulties flowing from court congestion; the local interest in having localized interests decided at home; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *In re Volkswagen*, 371 F.3d at 203.

**Memorandum Opinion and Order - Page 2**

on project waters without a permit. Pls.' Application 9; Exhs. 1a, 2a, 12. Accordingly, the court, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," hereby **transfers** this action to the Sherman Division of the Eastern District of Texas. The clerk of the court **shall** effect the transfer in accordance with the usual procedure.

**It is so ordered** this 9th day of August, 2012.

                                                  Sam A. Lindsay
                                                  United States District Judge